IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **RACQUEL LEWIS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-22-3255 |
| **COMMUNITY COLLEGE OF BALTIMORE COUNTY,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Racquel Lewis, who is self-represented, filed this lawsuit against her former employer, the Community College of Baltimore County ("CCBC"), asserting a variety of discrimination and tort claims. ECF 1. After CCBC filed a comprehensive motion to dismiss, ECF 19, Plaintiff herself sought to dismiss her Complaint without prejudice, citing personal circumstances impeding her ability to litigate the case. ECF 24. CCBC opposed dismissal without prejudice because of Plaintiff's litigious history and the effort it had already expended seeking dismissal, contending instead that any dismissal should be with prejudice. ECF 29. This Court carefully reviewed the filings and issued a letter advising Plaintiff that it would not dismiss the case without prejudice but would afford Plaintiff an opportunity to file a substantive response to CCBC's motion to dismiss. ECF 33. Plaintiff did not avail herself of that opportunity. ECF 34. CCBC's motion to dismiss is now pending and ripe. ECF 19. No hearing is necessary. *See* Local

Rule 105.6 (D. Md. 2023). For the reasons that follow, the motion to dismiss will be granted and Plaintiff's claims premised on her employment at CCBC will be dismissed with prejudice.[1]

## I. BACKGROUND

Plaintiff's Complaint is not a model of clarity, but from what this Court can decipher, Plaintiff worked at CCBC between 2014 and 2016. ECF 1 at 6. She gave two-weeks notice in 2016, which she alleges amounted to constructive discharge. *Id.* She suggests, without providing any specific factual allegations about actions taken by anyone associated with CCBC, that "CCBC" has continued taking actions against her for years, including "cyber stalk," defamation, "oppress[ing her]" and keeping her "impoverished." *Id.*

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours &*

---

[1] CCBC argues many other bases for dismissal in its motion. ECF 19-1. This Court need not reach those other issues as a result of the rulings herein.

*Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

**III.   ANALYSIS**

Plaintiff's claims can be sorted into two general groups: (1) employment-based discrimination, retaliation and harassment claims and (2) other state law claims. Each group is addressed separately below.

   **A.  Discrimination, Retaliation and Harassment Claims**

Plaintiff asserts a series of claims based on unlawful employment practices, including discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000-e *et seq.*,

3

the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, and Maryland's Fair Employment Practices Act, MD. CODE ANN., STATE GOV'T § 20-606. Those employment-based claims require exhaustion through the U.S. Equal Employment Opportunity Commission ("EEOC") within 300 days (less than one year) after the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1), *Karim v. Staples, Inc.,* 210 F. Supp. 2d 737, 748 (D. Md. 2002). There is no flexibility in that requirement. *See Tangires v. Johns Hopkins Hosp.,* 79 F. Supp. 2d 587, 597 (D. Md. 2000), *aff'd*, 230 F.3d 1354 (Table) (4th Cir. 2000).

Plaintiff's Complaint reflects that she resigned her employment at CCBC in March, 2016. And she alleges only two charges that she pursued with the EEOC, in February, 2018 and November, 2022.[2] Both of those charges, then, were filed too late to comply with the required 300-day limitations period as to any acts occurring during her employment with CCBC. While Plaintiff claims a "continuing violation theory," she has failed to plead any facts plausibly linking any recent conduct to anyone associated with CCBC. The "continuing violation theory" is only applicable where plaintiff can show an actual violation occurring within the limitations period, here, 300 days. *Guessous v. Fairview Prop. Invs., LLC,* 828 F.3d 208, 222 (4th Cir. 2016). With Plaintiff's employment ending almost seven years ago as of the time she filed her Complaint, and without any plausible factual allegations establishing continuing conduct on the part of CCBC, she cannot show any continuing employment action. Because the statutes of limitations for Plaintiff's employment-based claims are now long expired, those counts are properly dismissed with prejudice.

---

[2] The 2022 EEOC charge does not mention religious discrimination, genetic information discrimination, or disability discrimination. ECF 19-4 at 11.

### B. Tort Claims

Plaintiff's Complaint also includes a variety of state law claims. Those claims are both time-barred and barred by the Eleventh Amendment and the Local Government Tort Claims Act ("LGTCA"). The last action by a CCBC employee pled in the Complaint occurred in 2016. Maryland's general statute of limitations for civil actions is three years from the time a plaintiff discovers an injury.[3] MD. CODE ANN., CTS. & JUD. PROC. § 5-101. Plaintiff alleges that CCBC's conduct amounted to constructive discharge, thus confirming her awareness of her injury at the time she left CCBC's employment in 2016. Any tort claims based on that employment are therefore time-barred.

The Eleventh Amendment to the United States Constitution provides an independent basis for dismissal. The State, as well as its agents and agencies, enjoys Eleventh Amendment immunity from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Fla. Dep't of Health v. Fla. Nursing Home Ass'n*, 450 U.S. 147 (1981) (per curiam)). CCBC qualifies for the protection of immunity. *See Jenkins v. Kurtinitis*, Civ. No. ELH-14-01346, 2015 WL 1285355, at *8 (D. Md. Mar. 20, 2015) ("CCBC is an arm of the State."); *Adams v. Montgomery Coll.*, Civ. No. DKC-09-2278, 2010 WL 2813346, at *4 (D. Md. July 15, 2010) ("Maryland state law treats community colleges as state entities and applies sovereign immunity to them."); *see also Williams v. Bd. of Trs. of Frederick Cmty. Coll.*, Civ. No. CCB-03-2123, 2004 WL 45517, at *4 (D. Md. Jan. 8, 2004)

---

[3] Some of Plaintiff's claims have even shorter statutes of limitations, which clearly have not been met. For example, defamation has only a one-year statute of limitations. MD. CODE ANN., CTS. & JUD. PROC. § 5-105.

("[A] Maryland community college and its board of trustees are state agencies."); *see also Samuels v. Tschechtelin*, 763 A.2d 209, 230 (Md. Ct. Spec. App. 2000) (finding Baltimore City Community College a state agency afforded the protections of sovereign immunity). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* MD. CODE ANN., STATE GOV'T § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's claims against CCBC in this Court are also barred by the Eleventh Amendment.

Additionally, the LGTCA provides that a plaintiff cannot maintain a tort action for damages against a local government entity without first providing notice of the claim within one year of the purported injury. MD. CODE ANN., CTS. & JUD. PROC. § 5-304. The LGTCA specifically provides that a "community college or board of trustees for a community college established or operating under Title 16 of the Education Article" enjoys its protections as a "local government." *Id.* § 5-301(d)(9). A plaintiff bringing a claim subject to the provisions of the LGTCA must plead compliance with that statute's notice requirements in the complaint. *See Hansen v. City of Laurel*, 25 A.3d 122, 138 n.16 (Md. 2011) ("Maryland appellate caselaw states that conditions precedent must be pleaded normally in a complaint, and that the LGTCA notice requirement is one such condition precedent."). Despite Plaintiff having been advised of the LGTCA issue through prior litigation she filed against a CCBC employee, she did not plead compliance with the LGTCA in the instant Complaint. Plaintiff's tort claims (specifically Count I, Count II, Count IV, Count V, and Count VII) therefore also must be dismissed on this alternative basis.

Finally, although this Court cannot ascertain any claims that are neither time-barred nor barred by sovereign immunity or the LGTCA, to the extent the Complaint includes any, Plaintiff has failed to state a plausible claim for relief. The Complaint is simply devoid of any factual

allegations suggesting any unlawful conduct by CCBC or its employees after 2016. Plaintiff's speculation that CCBC somehow orchestrated malfeasance after that date is an insufficient factual predicate to state plausible claims.

## IV. CONCLUSION

For the reasons set forth above, CCBC's Motion to Dismiss, ECF 19, is granted. Plaintiff's claims premised on her employment at CCBC are dismissed with prejudice as time-barred, and this case will be closed. A separate Order follows.

Dated: November 3, 2023                                  /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge